I am concurring in part and dissenting in part as to the majority's sustaining of one of the issues in assignment of error III. The majority seems to direct the trial court to revalue the Vanguard Group Fund (non-IRA) and the CGM Mutual Fund accounts using the values set forth on the husband's financial affidavit filed in January, 1997, and then issue orders dividing those accounts. Exhibits presented by the husband at trial indicated that, as of April, 1998, these accounts were worth $10,000.00 less than they were in January of 1997. The majority seems to indicate that, since these accounts were restrained by temporary restraining orders and the husband violated the restraining orders and depleted marital assets, then the missing $10,000.00 should be granted to the husband and the assets should be reallocated to balance this additional amount out on the wife's side of the ledger.
I agree with the majority that this matter should be remanded to the trial court on this limited issue. However, on remand I would give the trial court a choice of either valuing these accounts as of the January, 1997, financial statement of the husband and issuing orders in regard to the division of these accounts or of setting forth reasons, with mathematical specificity, as to why, from the evidence presented, did the trial court not consider the depleted assets in the final property division.
If legitimate marital expenses during the pendency of the case exceeded what was available from marital income, it may have been necessary to deplete some or all of $10,000.00 for marital expenses. If that did occur, and if it was shown with specificity from the evidence presented, and if the trial court makes specific findings of fact to support using the April, 1998, account values, then a revaluing and redivision of property would be unnecessary.
I agree with the majority in all other portions of the opinion.
 ---------------------- Judge Julie A. Edwards
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part. This case is remanded to the trial court for further proceedings in accordance with this opinion and the law. Costs assessed to appellant.
--------------------
--------------------
 -------------------- JUDGES